## HENRY BEDLOE & wife *vs.* ISABEL HOMER.

A testator bequeathed to his daughter A. the sum of one hundred dollars, declaring it to be all that she and her issue could or would ever receive from his estate ; to his daughter B. a like sum, and a further sum of five thousand dollars, to be held by trustees and paid to her on her marriage or coming of age, and the income meanwhile paid to her annually; to his wife a legacy of twenty thousand dollars, and the income of a fund of one hundred thousand dollars, out of which he directed her to maintain and educate his daughter B.; and all the rest and residue of his estate to trustees in trust to pay the income to his daughter B. during her life, and upon her death to pay the income and principal to her issue, or, failing such issue, as she might appoint by will. By a codicil the testator ratified his will in all respects except as thereby altered or revoked; expressed a desire that his wife at her discretion should use the income bequeathed to her as well for the benefit of his daughter A. as of his daughter B : and directed that at the death of his wife one half of all his property then remaining and held under his will should be held for the benefit of his daughter A. during her life and at her death go to her children. The testator's wife died before his daughter B. came of age or was married. *Held,* that the codicil revoked the bequest of five thousand dollars in trust for B., and operated upon the testator's whole estate, except the two legacies of one hundred dollars each.

Bedloe & wife *v.* Homer.

APPEAL from a decree of the judge of probate, directing the trustees under the will of Fitz Henry Homer to charge themselves with the sum of five thousand dollars to be set apart as a legacy under the will to the testator's daughter Isabel, who was a minor and unmarried. The appellants were the testator's daughter Josephine and her husband. Each of two codicils to the will expressly ratified and confirmed the will in all respects, except as thereby altered or revoked. The case was argued in November 1859. The other facts are stated in the opinion.

*J. A. Loring*, for the appellants.

*W. Minot, Jr.*, for the appellee, argued that the second codicil did not revoke the legacy of five thousand dollars given by the will to Isabel, because it disposed only of the residue of the estate, and the dispositions of the will were not to be disturbed further than absolutely necessary; and cited 1 Jarman on Wills, 161; *Clarke* v. *Butler*, 1 Meriv. 304; *Roach* v. *Haynes*, 6 Ves. 153; *Briggs* v. *Hosford*, 22 Pick. 288.

MERRICK, J. When this suit was commenced, the wife of the testator had deceased, and all the provisions in his will, and all the trusts created by it, in her behalf, had been fully executed. It remains therefore only to ascertain the rights which it conferred upon each of his children.

The will and codicils, although made and executed at different times, all took effect together upon the death of the testator, and are to be construed as in substance one instrument; the provisions in the latter modifying and controlling those in the former.

By the will, the testator first made provision for his wife, giving to her during her life the use of his mansion house, the sum of twenty thousand dollars to be paid to her in three years after his death, and an income of five thousand dollars to be raised out of a trust fund of one hundred thousand dollars, consisting of his real and personal estate. He then gave one hundred dollars to his daughter Josephine, and to his daughter Isabel a like sum, together with a further sum of five thousand dollars, to be paid to her on her being married or attaining her

majority, the income of the same sum to be paid to her annually in the mean time by the trustees, by whom it was to be holden. He then gave all the residue of his estate to trustees, in trust to appropriate so much of the income thereof as might be proper to the maintenance and education of Isabel during her minority, the surplus income during that period to be kept in the course and process of accumulation; and, upon her arriving at majority, to pay the whole income, not exceeding however the sum of twelve thousand dollars annually, to her during her life. Upon her decease, if she left no issue, the entire fund was to be paid to the appointees under her will; but if she died leaving issue, the trust was to be continued for their benefit, until all of them should become of full age.

These provisions were essentially modified by the codicils. By the first, he annulled the limitation of the income of the trust fund created in behalf of his wife, and bequeathed the whole of it to her. And in like manner he annulled the limitation of the annual payments to be made to Isabel out of the income arising from the residuum of his estate, devised and bequeathed to trustees for her benefit; and directed that she should receive the whole of it.

The changes made by the second codicil are of still greater importance. In his will he declared that the hundred dollars bequeathed to Josephine was "all that she and her issue can or will ever receive from his estate." But by the provisions of this codicil it is apparent that his intention in regard to her had undergone a complete change. Here he first expresses his desire that his wife should use the income which she should receive from the trust fund of one hundred thousand dollars, created in her behalf by his will, "for the benefit of his daughter Josephine, as well as of his daughter Isabel;" but still leaves it wholly at her discretion. He then adds the important and comprehensive clause, "that at the death of his wife one half of all his property then remaining and held under his will should be held and used for the benefit of his daughter Josephine during her life," and at her death to go to her children. This clause operates upon the entire estate, except the two legacies of one hundred

dollars to each of his daughters, which were to be paid without limitation of time. It equally applies to, and directs the disposition to be made of, the trust fund created for the benefit of his wife, of the five thousand dollars given to Isabel, and of all the residue of the estate given to trustees to raise an income to be paid to her. And as one half of all these several sums, estates, and funds is thus to be held, from and after the death of the wife of the testator, to and for the use of Josephine during her life, and to be paid and go at her decease to her children, it necessarily and unavoidably operated as a revocation of the legacy of five thousand dollars given in the will to Isabel. The language and direction of the testator in this codicil is so direct and positive, that it seems impossible to misapprehend his intention. This was to place his two daughters upon an entire equality, and to give to each of them individually the same share and proportion of his estate. As this purpose can be effected only by withholding the payment of that legacy to Isabel, and making the amount of it a part of the general residuum of the estate, the implication is clear and inevitable that it was his intention to revoke and annul it. Under the will and codicils, therefore, all the real and personal estate of which the testator died seised and possessed, and which remained at the decease of his wife, was thenceforward to be held in trust, one half for the benefit of Isabel and her issue or appointees, and the other half for the benefit of Josephine and her children.

From these considerations it is a necessary conclusion that the trustees rightly declined to charge themselves with or to set apart the sum of five thousand dollars to be appropriated as a payment of the legacy of that sum to Isabel; and the order and decree of the judge of probate, requiring them to reform their account and to set apart said sum and charge themselves in that manner, was erroneous and must be reversed; and instead thereof, a decree be made that all the said remaining estate be held thenceforward in trust, one half for the benefit of each of said daughters of the testator, upon the terms and according to the directions contained and expressed in the will and codicils relative thereto. *Decree reversed.*